This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38545**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JESUS ZAPATA-BELTRAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals the denial of his motion to set aside the jury verdict convicting him of receiving or transferring a stolen vehicle. This Court issued a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** On appeal, Defendant contends that the district court erred in denying his motion to set aside the verdict based on his argument that the jury's verdict was not unanimous, but instead coerced, in light of the concerns raised by the juror in his post-

trial correspondence to the district court. Our calendar notice suggested that the allegations in the juror's letter did not indicate that outside information was wrongfully considered, that any juror demonstrated bias, or that any juror hid information connecting him to the case; nor was there any indication from the juror that he disagreed with the verdict when the jury was polled or that the jury verdict was otherwise not unanimous at the time it was rendered. [CN 4] We also suggested that statements regarding a jury's efforts to rush deliberations and convince an individual juror to agree with the others, as alleged in the letter, fall into the category of information that a juror is prohibited from testifying about during an inquiry into the verdict. [CN 5]

**{3}** In his memorandum in opposition, Defendant acknowledges that the allegations by the juror do not fall into the narrow exceptions our courts consider to the general rule of prohibiting discussion of jury deliberations. [MIO 3] Nonetheless, he continues to assert that the verdict was the product of coercion and that a "fundamental question[] of justice" requires broader exceptions, such as in cases considering possible racial bias. [MIO 3-4] However, under these facts and circumstances, we are not persuaded that this case presents circumstances that require reconsideration of our rules.

**{4}** Ultimately, Defendant has not presented any facts, authority, or argument in his memorandum in opposition that persuade this Court that our proposed summary disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{5}** Accordingly, for the reasons stated above and in this Court's notice of proposed disposition, we affirm.

**{6} IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**